Birdie Amsterdam, J.
Defendant moves pursuant to rules 106 and 107 of the Rules of Civil Practice for dismissal of the complaint upon the ground that plaintiff is a foreign corporation doing business in this State and sues upon a New York contract without first having obtained a license to conduct business here, and further upon the ground of prior adjudication.
There appears to be no dispute that the plaintiff, a foreign corporation, was at the time of contract an unlicensed corporation doing business in this State. A first litigation was instituted in the Federal jurisdiction where the action was dismissed, the court finding that there was no such diversity of citizenship as would confer jurisdiction upon that court, since under the pertinent statute the plaintiff had a principal place of business in this State. In its decision the court there declared that the cause of action before it was one in conversion. In any event, a determination on the question of diversity of citizenship is not a determination of the issues here involved. Thereafter, this action was commenced in this court upon an original complaint in which it was alleged that the plaintiff was and is the owner and entitled to the immediate possession of certain *824 moneys advanced by plaintiff and to be received and held in trust by the defendant for the plaintiff in connection with the importation and sale of certain food products pursuant to a written agreement. Thereafter, the plaintiff demanded that the defendant return such moneys to the plaintiff and the defendant failed and refused to do so. Upon motion of the defendant the complaint was dismissed and on appeal the order of dismissal was unanimously modified on the law and the facts and in the exercise of discretion to delete the provision of the order directing the entry of judgment and to provide that the plaintiff shall have leave to serve an amended complaint. In the course of its decision the court stated (13 A D 2d 919-920): “ The plaintiff, a foreign corporation, doing business in the State, may not maintain this action on the basis of the contract made with the defendant in this State; it appearing that it did not, prior to the maldng of such contract obtain a certificate of authority to do business within the State. (General Corporation Law, § 218.) ” There was no doubt, however, that the plaintiff claimed that the action was not brought on the contract but upon a claim of conversion of moneys belonging to the plaintiff. Concerning that contention the court stated (p. 920): “It is clear, however, that the particular cause of action pleaded here is one upon contract. The writing annexed to the complaint, constituting in whole or in part the contract between the parties, contains no provision justifying plaintiff’s allegation that the moneys advanced were received and held in trust by defendant for plaintiff. The plaintiff should have been given leave, however, to plead a cause of action in conversion if he has such a cause.” And it further stated (p. 920): “It is true that the statute (§ 218) would not be available as a defense to an action grounded solely in conversion.” An amended complaint was served and it is this pleading which is now under attack. It is to be noted that the Appellate Division decision referred to the writing attached to the original complaint as “ constituting in whole or in part the contract between the parties ”. In the amended complaint the plaintiff appears to allege upon a contract which is broader than the writing that was attached to the original complaint and it does not appear that any writing is attached to the amended complaint. While the writing contains no provision justifying an allegation that the moneys advanced were received and held in trust by the defendant for the plaintiff, yet the writing does contain a provision, as follows: ‘ ‘ The undersigned agrees that any moneys received from the sale of such goods, shall be received and held in trust by the undersigned, and turned over to you forth *825 with upon receipt thereof in its original form, with proper endorsement, if necessary.”
The objection raised pursuant to rule 106 is the same objection raised pursuant to ride 107 and section 218 of the General Corporation Law despite the fact that the conditions underlying the alleged disability do not appear by any factual allegations contained in the amended complaint. In any event, the cause of action as now alleged is not otherwise attacked for insufficiency. Since the plaintiff has set forth a cause of action which he claims to be one in conversion and which as indicated in the Appellate Division decision the plaintiff was enabled to do by the leave granted to replead, the objections as now taken are invalid and unavailable. The motion is denied in all respects.